HUGHES v. FOUR STATES LIFE INS. CO.

(Court of Civil Appeals of Texas. Texarkana. Feb. 9, 1914. Rehearing Denied Feb. 19, 1914.)

1. APPEAL AND ERROR (§ 1050*)—REVIEW—RECEPTION OF EVIDENCE—PREJUDICE.

Where, in an action on notes given for certain of plaintiff's corporate stock, plaintiff's managing agent testified that B., who sold the stock to defendant, was plaintiff's authorized agent to sell the same, and plaintiff was seeking to recover on notes taken by B. in payment for stock, the fact that the court permitted B. to testify that he had authority to sell the stock, and take notes or cash in payment thereof, under an objection that his written contract of agency was the best evidence, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

2. INSURANCE (§ 16*) — FOREIGN CORPORATIONS—"DOING BUSINESS" IN STATE—SALE OF STOCK.

Sale, in Texas, of stock of a foreign insurance company, and taking notes for the price, does not constitute transacting or doing business in Texas, within the statutes regulating the transaction of business by foreign corporations in Texas.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 17; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

3. INSURANCE (§ 22*)—AGENTS—REGULATION—SALE OF STOCK.

Rev. St. 1911, arts. 4960, 4961, making it unlawful for any person to act as agent for an insurance company in soliciting or receiving applications, etc., without having procured a certificate of authority from the commissioner of banking and insurance, has no application to an agent of a foreign insurance company selling its stock in Texas.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 26; Dec. Dig. § 22.*]

4. BILLS AND NOTES (§ 537*)—PEREMPTORY INSTRUCTION—QUESTIONS OF FACT.

Where, in an action on notes given for the price of stock of a foreign insurance company, defendant expressly admitted that he gave the notes sued on for the purchase of the stock, and there was no issue of fact presented for a jury, the court properly directed a verdict for plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. § 537.*]

5. PLEADING (§ 264*)—AMENDMENT—EFFECT.

Where, in an action on notes given for stock in plaintiff insurance company, plaintiff filed a supplemental petition before defendant's amended original answer, and replied to certain allegations in the original answer concerning the written contract, after which defendant filed an amended original answer which contained nothing but a general denial, and made no averments in reference to or applicable to the note sued on in the petition on which the case was tried, averments of the original answer and supplemental petition concerning the contract of subscription passed out of the record, so that the pleadings presented no issue on such question.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 803–805; Dec. Dig. § 264.*]

Appeal from Franklin County Court; J. J. Walker, Judge.

Action by the Four States Life Insurance Company against W. W. Hughes. Judgment for plaintiff, and defendant appeals. Affirmed.

This is an action for debt brought by the appellee against the appellant. The petition declared on two promissory notes executed by appellant, the first for $96, payable to the order of W. B. Byers, and for a valuable consideration transferred by Byers to plaintiff, and the second for $204, payable to the order of the plaintiff. The appellant made answer to the petition, and appellee filed a supplemental petition, answering the allegations of the defendant's answer. After the filing of the supplemental petition, the appellant amended his original answer, which contained a general denial of the allegations in the original petition and averments as to the subscription contract set up in the supplemental petition replying to the original answer. It is unnecessary to make further statement of the defendant's averments in respect to the subscription contract, as appellee did not sue or obtain judgment on a subscription contract. After the introduction of all the evidence, the court peremptorily instructed the jury to return a verdict for appellee for the amount of the two notes sued on.

The evidence establishes that the appellee is a life insurance corporation chartered under the laws of the state of Arkansas in 1910, and granted a permit to do business in that state in February, 1911. A permit to do business in the state of Texas was obtained by and was granted to the company September 27, 1912. On April 25, 1911, W. B. Byers, the authorized agent of the appellee, sold appellant, as he admits, in Franklin county, Tex., 24 shares of the authorized capital stock and subscribed surplus of the insurance corporation for the agreed sum of $300. It was mutually agreed that the $300 was to be evidenced by two promissory notes, payable in six and eight months, respectively, after date, and that the certificates of stock were to be issued and delivered by the company when the notes were fully paid up. The two notes sued on were the two notes signed and delivered by appellant. These facts of mutual assent and agreement are admitted by appellant in his testimony.

G. E. Cowan and H. W. Hunt, both of Mt. Vernon, for appellant. Wilkinson & Wilkinson, of Mt. Vernon, for appellee.

LEVY, J. (after stating the facts as above). [1] The first assignment predicates error

---

upon permitting the witness Byers to testify that he had authority from the appellee company to sell stock, and take notes or cash in payment thereof. The objection to the evidence is that the written contract of agency given the witness, which contained the precise authority orally stated, was the best evidence. There is no question made in the record of any want of authority in Byers, as the agent of appellee, to take notes for the payment of stock. The manager of the agency department of appellee testified that Byers was the duly authorized agent of appellee to sell stock. And the appellee stands on the notes taken by Byers as being within his authority as agent to take in payment of stock. The assignment, therefore, does not present error sufficient for reversal of the judgment.

[2] The sixth assignment of error is to the point that appellee, a foreign corporation, without any permit to do business in Texas at the time of the execution of the notes, was incapacitated to sue. The appellee was organized for the purpose of writing insurance on the lives of individuals. At the time of the instant suit it had a permit to do business in the state of Texas, but did not at the time of execution of the notes. The notes sued on were given in payment for shares of capital stock of the corporation which were to be issued when the notes were paid. It is not believed that the selling of the stock for which the notes in suit were given was transacting or doing business in the sense of the statute. Bank v. Leeper, 121 Mo. App. 688, 97 S. W. 636.

[3] The seventh assignment claims that the notes sued on are void, because the agent of appellee selling the stock to appellant did not at the time of the sale have a certificate of authority from the commissioner of banking and insurance of this state. It is quite clear that articles 4960 and 4961, R. S. 1911, have no application to the point made by the assignment.

[4] The second, fourth, and ninth assignments are here considered together as practically presenting the one question of error on the part of the court in peremptorily instructing a verdict in favor of appellee. Under the pleadings and evidence there was not presented an issue of fact for decision by the jury, and we do not think the court erred. The appellee sued to recover on two notes executed and delivered by appellant. Appellant expressly admitted and did not contest the fact that he signed and delivered the two notes sued on, for the purchase price of 24 shares of stock in the appellee company, and agreed that the certificates of shares were to be issued to him by the company when the notes were paid. And the pleading of appellant in reference to the notes was only a general denial.

[5] Appellant's argument, though, in challenging the peremptory instruction seems to be predicated upon the assumption that there was issue made by pleadings and evidence over the validity of a certain written contract of subscription for stock in the company. The pleadings, however, as shown in the record, do not warrant that construction, or have that effect. The petition, it appears, declared only on two promissory notes executed and delivered by appellant. The original answer was, it appears, amended, and a first amended original answer was then filed. This amended original answer appears on its face to be an amendment of and in lieu of the original answer. The amended original answer, except as to the general denial, did not make any averments in reference to or applicable to the note sued on, in the petition that the case was tried on. There do appear however, in the amended original answer averments of several paragraphs respecting the invalidity of a "subscription contract in writing set up and plead by plaintiff." By reference to the record it appears that, in a supplemental petition filed before the amended original answer, the appellee replied to certain allegations of the original answer that, as respects such allegations of the original answer, there was a written contract between the parties of subscription to stock. The supplemental petition on its face undertakes only to make answer to the allegations of the original answer of the defendant, and does not undertake to set up matters further than as answer to the matters set up in the original answer of the defendant. By giving force to the amended original answer of defendant, filed after the supplemental petition, as being in lieu, as stated, of the original answer, then such amended original answer operated to eliminate and retire from the case all matters of special answer in the original answer of the defendant not brought forward in the amended answer. And we would be required, in this record, to give the amended answer the construction that it was strictly an amended original answer, designed as such, and not merely a supplemental answer in reply to the plaintiff's supplemental petition, for the amended original answer declares it was strictly an amendment, and the parties so treated it, and retired the original answer from the case and this record. By retiring the matters plead in the original answer, which the supplemental petition was in answer to, such allegations of the supplemental petition answering the retired matters were in consequence retired and made immaterial in the trial. There was then left, by the amendment, only a general denial so far as pertains to the notes sued on. The office of a supplemental petition, filed strictly as such, as was the one here, is only to answer the defendant's answer, and does not intend to amend the original petition.

The judgment is affirmed.